CREVELING v. JEPSON.

---

PATENTS; INTERFERENCE; PRIOR ART; APPEAL AND ERROR.

1. In an interference involving the right of one of the parties to make the claims of the issue, where the question presented is complicated and highly technical, concurring decisions of the Patent Office will not be disturbed unless manifest error has been committed. (Following *Lindmark* v. *Hodgkinson*, 31 App. D. C. 612; *Murphy* v. *Meissner*, 24 App. D. C. 260; *Stone* v. *Pupin*, 19 App. D. C. 396; and *Podlesak* v. *McInnerney*, 26 App. D. C. 399.)

2. In an interference where the claims read on both parties, it is not error for the Patent Office to refuse to consider the prior art when interpreting the claims of the issue.

3. In an interference, it was *held* that the action of the Commissioner of Patents, on the suggestion of one of the parties, in modifying his

ruling so as to conform to the holdings of the lower tribunals without first granting a rehearing, did not constitute reversible error.

No. 1152.    Patent Appeals.    Submitted March 13, 1918.    Decided April 1, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.            *Affirmed.*

The facts are stated in the opinion.

*Mr. R. S. Blair, Mr. D. G. Haynes, Mr. Edward M. Evarts,* and *Mr. Morris Hirsch* for the appellant.

*Mr. Richard Eyre* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

John L. Creveling appeals from a decision of the Commissioner of Patents awarding priority of invention to John W. Jepson on all the claims of the issue, five in number. Three of those claims will sufficiently illustrate the character of the invention. They are:

1. The combination with a storage battery, a generator and regulating means therefor, of means for affecting the regulating means in response to voltage fluctuations, and means for affecting the regulating means in response to current fluctuations, said affecting means including means whereby the affecting means co-operate in the regulation of the generator.

2. The combination with a storage battery, a generator and regulating means therefor, of means for affecting the regulating means in response to voltage fluctuations, and means for affecting the regulating means in response to current fluctuations, said affecting means including electromagnetic means whereby the affecting means co-operate in the regulation of the generator.

3. The combination with a storage battery, a general and regulating means therefor, of means for affecting the regulating means in response to voltage fluctuations, and means for affecting the regulating means in response to battery current fluctua-

tions, said affecting means including electric means whereby the affecting means co-operate in the regulation of the generator.

The chief contention of Creveling is that Jepson cannot make the claims. The question thus presented is complicated and highly technical. The three tribunals of the Patent office, all experts, concur in awarding priority to Jepson. Where this is so, especially in a case of this character, we have repeatedly held that we will not disturb the decision of the Patent Office "unless manifest error has been committed." (*Lindmark* v. *Hodgkinson,* 31 App. D. C. 612; *Murphy* v. *Meissner,* 24 App. D. C. 260; *Stone* v. *Pupin,* 19 App. D. C. 396; *Podlesak* v. *McInnerney,* 26 App. D. C. 399.) No such error appears in this case.

Creveling urges in his brief and argued at the bar that the Patent Office erred because it refused to consider the prior art when interpreting the claims of the issue. But the experts of that office did not think it necessary to do so in order that they might understand the claims. With respect to the claims, the Examiners in Chief said: "If their meaning is clear and includes Jepson, no consideration of the prior art need be given. If, however, there is no point to the claims when read on Jepson, we do not understand that we are concluded from a consideration of the prior art." They then found in effect that, according to the normal meaning of the words used, the claims read on both Creveling and Jepson. In view of this it cannot be correctly said that they erred in not considering the prior art. Complaint is made because the Commissioner, on the suggestion of Jepson, modified his ruling so as to conform it to the holdings of the lower tribunals without first granting a rehearing. If his judgment was right, and we think it was, this irregularity, if it be one, is not of sufficient importance to constitute reversible error.

The decision of the Commissioner of Patents is affirmed and priority is awarded to Jepson as to all the counts of the issue.

*Affirmed.*

Mr. Justice McCoy, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice Robb.